CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB 23 2007
JOHN F. CORCORAN, CLERK
BY: /s/ M. Hupp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER M. WATKINS, | Case No. 7:06CV00064 |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| WARDEN B.A. BLEDSOE, et al., | |
| Respondents; | By: Jackson L. Kiser<br>Senior United States District Judge |

Petitioner Christopher Michael Watkins ("Petitioner"), a Virginia inmate, seeks a writ of habeas corpus pursuant to 28 U.S.C. §2241 on the grounds that the United States Marshal Service ("Marhsals") violated his due process by arresting him after they had waived jurisdiction over him. The Respondent, Terry O'Brien, Warden of the U.S. Penitentiary in Lee County, Virginia ("Respondent") has filed a Motion to Dismiss. The parties have briefed the issues and I find that oral argument is unnecessary and would not significantly aid the decisional process. For the reasons stated below, the Respondent's Motion to Dismiss shall be **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 7, 2000, Petitioner Watkins was arrested for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g). He was convicted and, on May 2, 2001, he was sentenced to serve 87 months in federal custody. On appeal, the Fourth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Watkins*, 24 Fed. Appx. 134 (4th Cir. 2001). Before serving this sentence in federal custody, Watkins completed a state sentence in Maryland. He was released from Maryland's custody on February 21, 2002. At that time, the

Marshals had not filed a detainer. On December 2, 2002, Watkins states that he was rearrested and that the Marshals filed a detainer the next day.

Watkins filed a motion to vacate his federal sentence under 28 U.S.C. § 2255 on January 20, 2006. This motion was dismissed without prejudice on September 13, 2006 and is still pending in the Eastern District of Virginia. Motion to Vacate, *Watkins v. USA*, No. 4:06-cv-00015 (E.D.Va. January 20, 2006). Watkins filed the petition before me now pursuant to 28 U.S.C. § 2241 on January 23, 2006. Respondent O'Brien filed his motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on June 26, 2006.

## II. STANDARD OF REVIEW

### A. *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may present a motion to dismiss for lack of subject matter jurisdiction in two different ways. *U.S. v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). First, the defendant may argue that the plaintiff's complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. If the defendant chooses this route, the facts alleged in the complaint are taken as true. *Id.* Alternatively, the defendant may argue "that the jurisdictional allegations of the complaint were not true." *Id.* When this is the case, the trial court "may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." *Id.* The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.*

### B. *Motion to Dismiss For Failure to State a Claim*

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must "accept as true all well-pleaded allegations and view the complaint in the light most

favorable to the plaintiff." *Venkatraman v. Rei Systems, Incorporated*, 417 F.3d 418, 420 (2005). The test at this stage "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (U.S. 1974). "The Complaint must be liberally construed in favor of the plaintiff, even if it appears that recovery is remote and unlikely." *Bryant v. Clevelands, Inc.*, 193 F.R.D. 486, 489 (E.D. Va. 2000). "While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff is required to allege facts that support a claim for relief." *Bass v. E. I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Federal Election Commission v. Christian Action Network*, 894 F.Supp. 946, 950 (W.D. Va. 1995).

## III. DISCUSSION

In this petition, Watkins claims that his Due Process rights were violated because the United States Marshals failed to file a detainer in a timely manner when Watkins was released from state custody in Maryland in February, 2002. According to the Petitioner's theory, this failure to file a detainer constitutes a waiver of jurisdiction over the Petitioner, after which the Marshals could not legally take him into custody in order to begin his federal sentence in January of 2003.[1]

The Respondent argues that although the Petitioner filed this action under §2241, his

---

[1] Watkins' theory refers to a line of cases in which courts construe the government's delay in bringing a defendant into custody despite a valid conviction and sentence as a waiver of jurisdiction. *See Shields v. Beto*, 370 F.2d 1003, 1005-6 (5th Cir. 1967); *Piper v. Estelle*, 485 F.2d 245 (5th Cir. 1973); *United States v. Merritt*, 478 F. Supp. 804, 806-7 (D.D.C. 1979); *Lanier v. Williams*, 361 F. Supp. 944, 947 (E.D.N.C.1973).

allegations could potentially state grounds for two other causes of action as well, namely a claim under the Federal Tort Claims Act or under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). After considering all three potential causes of action, I have determined that the Petitioner has either no jurisdiction or has failed to state a claim under Rules 12(b)(1) and (b)(6).

  A.  *Habeas Claim Under 28 U.S.C. §2241*

Section 2241 grants federal courts the power to grant writs of habeas corpus. 28 U.S.C. §2241(a). While commonly referred to as a habeas corpus provision, § 2255 actually provides jurisdiction for federal prisoners to collaterally attack their convictions or sentences by filing a motion as a continuation of the criminal proceeding being challenged. 28 U.S.C. §2255. Section 2255 further provides that a federal prisoner must collaterally attack his conviction or sentence under that provision unless § 2255 appears "inadequate or ineffective to test the legality of his detention." *Id.* The Petitioner here seeks to avoid filing a § 2255 petition by claiming that he is attacking the *execution* of his sentence, rather than the *legality* of it.

It is true that § 2241 allows federal prisoners to challenge the execution of their sentences whereas § 2255 allows prisoners to challenge the legality of the conviction or sentence. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989). The Petitioner's argument for filing a §2241 petition is that his sentence was valid but improperly executed due to the delay in filing a detainer and thus in violation of his Due Process rights. While the term "execution" could plausibly bear the meaning that the Petitioner ascribes to it, courts limit challenges to the execution of sentences under § 2241 to such issues as the administration of parole, computation of a prisoner's sentence by prison

officials, prison disciplinary actions, type of detention and prison conditions. *See Jiminian v. Nash*, 245 F.3d 144, 147 (2d Cir. 2001); *Hernandez v. Jordan*, No. 9:06-0318, 2006 U.S. Dist. LEXIS 17446 (D.S.C. 2006) (listing the types of § 2241 execution challenges and case citations). Petitioner Watkins is actually challenging the *imposition* of his sentence. In claiming that his incarceration following a delayed detainer violates the Constitution, his challenge comes squarely within the language of § 2255's first paragraph: "A prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence *was imposed in violation of the Constitution* . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255 (emphasis added).

The Petitioner may still challenge his incarceration under § 2241 if §2255 is "inadequate or ineffective." 28 U.S.C. §2255. The Fourth Circuit has held that §2255 is an "inadequate or ineffective" remedy for challenging the legality of his sentence if one of three circumstances:

> when (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). The Petitioner here has not alleged a change in the settled law of this circuit or the Supreme Court; nor has he alleged that the substantive law has changed such that the conduct of which he was originally convicted of is no longer criminal; nor has he alleged that he cannot satisfy the gatekeeping provisions of § 2255. Indeed, the Petitioner can satisfy these requirements and already has a § 2255 petition on other grounds pending with his sentencing court in the Eastern District of Virginia. Because the Petitioner has failed to establish the jurisdictional requirements for hearing a §2241 petition, I need not look

into the merits of his waiver argument.[2]

### B. Federal Tort Claims Act

The Respondent in this case contends that Watkins petition could also be construed as an action pursuant to the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 1346, 1402, 2401, 2671-2680. The FTCA is the exclusive remedy for suits against the United States caused by the negligence of a government employee under circumstances similar to those which would create liability for a similarly situated private individual. *Id.* As the Respondent notes, the Petitioner must file an administrative claim with the appropriate agency prior to initiating litigation. 28 U.S.C. § 2675(a). The petitioner has not alleged that he has filed an administrative claim, and the Respondent has provided an affidavit showing that none has been filed, and therefore I must dismiss this case for improper jurisdiction under Rule 12(b)(1).

### C. Bivens

Finally, the Respondent contends that the Petitioner's suit could be construed as a claim

---

[2]Even if I had considered this Petition on the merits, it is unlikely that Watkins would have prevailed. For the government's delay to be construed as a waiver, the delay must be "so affirmatively wrong or its inaction so grossly negligent that it would be unequivocally inconsistent with 'fundamental principles of liberty and justice' to require a legal sentence to be served in the aftermath of such action or inaction." *Piper*, 485 F.2d at 246 (*quoting Shields*, 370 F.2d at 1004). *Lanier* is the only case in this circuit in which a petitioner prevailed under the waiver theory. *Lanier*, 361 F. Supp. 944 (finding that government waived jurisdiction by failing to acquire custody of petitioner for five years despite his attempt to clarify his status). While Watkins claims that the Marshal's delay in filing a waiver for over nine months meets the *Piper* standard, two courts have held that longer delays in similar circumstances were no more than mere negligence. *Green v. Christiansen*, 732 F.2d 1397, 1399 (9th Cir.1984) (Marshal's error in two year delay in filing detainer and acquiring custody over petitioner "amounts to mere negligence at worst"); *Bailey v. Ciccone*, 420 F.Supp. 344, 348 (W.D.Mo.1976) (government's thirteen month delay in filing detainer and acquiring custody was "obviously"neither affirmatively wrong nor grossly negligent).

under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Petitioner claims that he was illegally arrested by the Marshals in violation of his Fifth Amendment Due Process rights. If such allegations were true, the warden of the penitentiary where the Petitioner is incarcerated would not be the proper respondent, but the Marshals instead.

## IV. Conclusion

For the reasons stated above, the Respondent's Motion to Dismiss the Petition for Habeas Corpus shall be **GRANTED**.

Entered this 23rd day of February, 2007.

Senior United States District Judge